## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BLH TOPCO LLC, *et al.,*[1] | Case No. 25-10576 (CTG) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES OF DEBTOR
## BLH RESTAURANT FRANCHISES LLC (CASE NO. 25-10579)

---

1    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BLH TopCo LLC (9009); BLH HoldCo LLC (7735); BLH Acquisition Co., LLC (5779); BLH Restaurant Franchises LLC (8093); and BLH White Marsh LLC (2950). The Debtors' mailing address is 15305 Dallas Parkway, 12th Floor, Addison, TX 75001.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLH TOPCO LLC, et al., Debtors. | Case No. 25-10576 (CTG) |
| | (Jointly Administered) |

**GLOBAL NOTES TO THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The debtors and debtors in possession in the above-captioned cases (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These notes pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[1]

The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of the information and data used in preparing the Schedules and Statements. Inadvertent errors, omissions or inaccuracies may exist in the Schedules and Statements. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

**Basis of Presentation**. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") and are not intended to be fully reconciled with any financial statements or other reporting of the Debtors.

**"As of" Information Date**. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these notes is

---

[1] These notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

provided as of March 25, 2025 (the "Petition Date") or as close thereto as reasonably practicable under the circumstances.

**Available Information**. In preparing the Schedules and Statements, the Debtors relied upon information from their books and records available at the time of such preparation and upon the knowledge and belief of the Debtors or their agents where appropriate. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, inadvertent errors, omissions or inaccuracies may exist in the Schedules and Statements, and the receipt or discovery of subsequent information may result in material changes to the Schedules and Statements. The Debtors, and their employees, officers, agents, advisors and attorneys, do not guarantee or warrant the accuracy or completeness of the data that is provided herein. The Debtors, on behalf of themselves and their employees, officers, agents, advisors, attorneys, disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements, and reserve all rights with respect thereto. The Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements from time to time, in all respects, as may be necessary and appropriate. Notwithstanding the foregoing, the Debtors and their officers, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as expressly required by the Bankruptcy Code.

**Summary of Significant Reporting Policies**. The following is a summary of certain significant reporting policies:

     a.   **Valuation**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. The Debtors do not have current market valuations for all estate assets. Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value. Book values of assets prepared in accordance with GAAP generally do not, and any estimates may not, reflect the current market value of the assets and may differ materially from the actual value of the underlying assets. Accordingly, nothing in the Schedules or Statements is or shall be deemed to be an admission with respect to such values. The Debtors reserve the right to amend such values or estimates to reflect changes in underlying assumptions or the receipt of additional information.

     b.   **Estimates and Assumptions**. Because of the timing of the filings, the Debtors were required to make certain estimates and assumptions that may have affected the reported amounts of these assets and liabilities. Actual results could differ from those estimates, perhaps materially. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

     c.   **First Day Orders**. In most instances, amounts paid under various "first day orders", including but not limited to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing (A) Payment of Prepetition Wages, Employee Benefits Obligations*

*and Other Compensation, (B) Continuation of Employee Benefits Programs and Payment of Related Administrative Obligations; and (II) Granting Related Relief* [Docket #16] (the "Wages Motion"), are excluded from the Schedules and Statements.

d.   **Payables, Credits and Adjustments**.  Claims of creditors are listed in the amounts recorded on the Debtors' books and records, based on invoices received and other relevant documentation from or contracts with such creditors.  These amounts may not reflect certain credits, set-offs, allowances or other adjustments due from such creditors.

e.   **Leases**.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired).

f.   **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation net operating losses, accrued salaries, and employee benefit accruals.  The Debtors have also excluded rejection damages claims of counterparties to executory contracts and unexpired leases that may (or may not) be rejected. In addition, certain immaterial assets and liabilities may have been excluded.

g.   **Executory Contracts and Unexpired Leases**.  Executory contracts and unexpired leases have been set forth on Schedule G but are incorporated into Schedule A/B as applicable.  The Schedules and Statements do not reflect any claims or estimates for contract rejection damages.

h.   **Intellectual Property Rights.**  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a license or other transaction.  The Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

i.   **Causes of Action.**  Despite efforts to identify known assets, the Debtors may not have listed all their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or

3

undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law it may have, and neither these notes nor the Schedules and Statements shall be deemed a waiver of any such claims or causes of action or in any way prejudice or impair the assertion of such claims or causes of action.

j.     **Accounting.** There may be instances within the Schedules and Statements where title to an asset is with one of the Debtor holding companies but in the ordinary course of conduct arising prior to these cases such assets have been accounted for as being owned or held by another Debtor holding company. The Debtors do not believe that any such instances are material and the Schedules or Statements generally treat such items consistent with past practices.

k.     **Fiscal Year.** The Debtors employ a 52-53 week fiscal year ending on the Sunday nearest December 31 of each year.

l.     **Confidentiality.** There may be instances within the Schedules and Statements where names and/or addresses have been redacted or left blank out of concerns for confidentiality or privacy of individuals, including without limitation employee addresses. To the extent that certain addresses are withheld, the Debtor will make such addresses available upon reasonable request subject to any applicable law.

**Unknown or Undetermined Amounts**. Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**503(b)(9) and PACA/PASA Claims**. The liabilities listed on the Schedules and Statements do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code or PACA and PASA (as those terms are defined in the motion filed at Docket No. 14 in the Debtors' jointly-administered chapter 11 cases).

**Signature**. The Schedules and Statements are signed by Leslie Crook, Chief Administrative Officer for the Debtors and an authorized signatory of the Debtors. In reviewing and signing the Statements and Schedules, Ms. Crook has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Ms. Crook has not (and could not have) personally verified the accuracy of each statement and representation contained in the Statements and Schedules, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

**Reservation of Rights**. The Debtors reserve all rights to (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim description or designation; (ii) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed. Furthermore,

nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including without limitation issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in these notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by the Bankruptcy Code or otherwise ordered by the Court.

## **NOTES FOR SCHEDULES**

**Schedule A/B – Assets – Real and Personal Property**. All leasehold improvements and equipment identified on Schedule A/B, Parts 7, 8 or 9 are listed net of depreciation and/or amortization, but do not reflect impairment reserves. The Debtors list equipment and furniture on Schedule A/B, Items 39-41 and construction in progress and leasehold improvements on Schedule A/B, Item 55 in subtotals due to the difficulty and volume of listing such items by store and/or component. The Debtors and their estates reserve all rights they may have under applicable law in connection with their asserted real property lease interests.

Schedule A/B, Item 25 reflects disbursements made for goods purchased in the 20 days prior to petition. As many of these goods are perishable, it is likely that a good portion of these goods have been sold within that 20 day period.

Schedule A/B, Item 55, lists only those leases that the Debtors intend to maintain going forward, along with the net book value of the related Right of Use asset. All previously closed locations, including those closed just prior to the petition date and which leases the Debtors have rejected the leases as of the petition date, have not been assigned a value as of the Petition Date as the amounts are unknown.

Certain intangible assets or intellectual property are listed on Schedule A/B, Part 10 with a $0.00 value, or an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors.

The Debtors have listed causes of action or potential causes of action against third parties as assets in Schedule A/B, Item 74 that are pending. The Debtors have not listed all possible actions including, but not limited to, causes of action are aware arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, intellectual property laws, securities laws, or corporate governance laws).

**Schedule D – Creditors Who Have Claims Secured by Property**. The Debtors have included on Schedule D all claims they believe are secured. They have not included all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies or other parties that may hold security interests.

The descriptions of claims and collateral in Schedule D are provided in summary form only. Reference must be made to the applicable transaction documents to obtain a complete description of the claims secured by collateral and the collateral securing such claims.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

**Part 2**.  Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts.  Where able, the Debtors have reflected claims on Part 2 of Schedule E/F net of deposits, retainers, and prepayments.

Neither the Debtors nor, to the of the Debtors' knowledge, information, and belief, their third party administrators have contact or noticing information for the holders of the gift cards.  Therefore, such creditors are not identified in the Schedules.

**Schedule G – Executory Contracts and Unexpired Leases**.  Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease.  Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date or is valid or enforceable.  The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

## NOTES FOR STATEMENTS

**Statement 3**.  Statement 3 includes disbursements or other transfers made by the Debtors prior to filing but does not include for payments on account of compensation paid to employees in the 90 days prior to the Petition Date, all of which is described in the Wages Motion.

**Statement 26(d)**.  From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors.  Due to the confidentiality requirements of related non-disclosure agreements, and the number of parties that have received such statements, such parties are not listed in response to this question.

**Global Notes Control.** In the event that the Schedules or Statements differ from any of the foregoing notes, the notes shall control.

**Fill in this information to identify the case:**

Debtor name: BLH Restaurant Franchises LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10579

☐ **Check if this is an amended filing**

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
    Copy line 88 from Schedule A/B                                       $0.00

1b. **Total personal property:**
    Copy line 91A from Schedule A/B                                      $0.00

1c. **Total of all property:**
    Copy line 92 from Schedule A/B                                       $0.00

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)                    $67,526,793.54
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of Schedule E/F       $0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F    $0.00

**4. Total Liabilities**                                                 $67,526,793.54
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: BLH Restaurant Franchises LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10579

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. Cash on hand** | |
| 2.1 | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 | | | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1 | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.   $0.00

### Part 2:   Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

|  | Current value of debtor's interest |
|---|---|

7.1 _____

$0.00

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 _____

$0.00

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

$0.00

---

**Part 3:    Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| 11a. | 90 days old or less: | _____ | − | _____ | = ........ ➜ | $0.00 |
|---|---|---|---|---|---|---|
|  |  | face amount |  | doubtful or uncollectible accounts |  |  |
| 11b. | Over 90 days old: | _____ | − | _____ | = ........ ➜ | $0.00 |
|  |  | face amount |  | doubtful or uncollectible accounts |  |  |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$0.00

---

**Part 4:    Investments**

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1 _____    _____

$0.00

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:            % of ownership:

15.1 _____    _____    _____

$0.00

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 | | | $0.00 |
|---|---|---|---|

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

$0.00

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:**    Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 _____ | _____ | _____ | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 _____ | _____ | _____ | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 _____ | _____ | _____ | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 _____ | _____ | _____ | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 _____ | _____ | _____ | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.    $0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:** Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 | | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| | $0.00 |
|---|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 8:** Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |

**49. Aircraft and accessories**

49.1 _____  _____  _____  _____  $0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____  _____  _____  _____  $0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| $0.00 |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 9: | Real Property |

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | _____ | _____ | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

| $0.00 |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 10: | Intangibles and intellectual property |

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 11:   All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1

_____    _____    -    _____    =    ➜    _____    $0.00
                           total face amount              doubtful or uncollectible
                                                          amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1

_____    Tax year    _____    $0.00

**73. Interests in insurance policies or annuities**

73.1

_____    $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

_____    $0.00

Nature of Claim    _____

Amount requested    _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

_____    $0.00

Nature of Claim    _____

Amount requested    _____

**76. Trusts, equitable or future interests in property**

76.1

_____    $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

_____    $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| | |
|---|---|
| | $0.00 |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 12:**    **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |

**82. Accounts receivable.** Copy line 12, Part 3.                                         $0.00

**83. Investments.** Copy line 17, Part 4.                                                 $0.00

**84. Inventory.** Copy line 23, Part 5.                                                   $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6.                          $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy
line 43, Part 7.                                                                           $0.00

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.                          $0.00

**88. Real property. Copy line 56, Part 9.**                          →                    $0.00

**89. Intangibles and intellectual property.**. Copy line 66, Part 10.                     $0.00

**90. All other assets.** Copy line 78, Part 11.                                           $0.00

**91. Total. Add lines 80 through 90 for each column**   91a.   $0.00          91b.        $0.00

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                        $0.00

**Fill in this information to identify the case:**

Debtor name: BLH Restaurant Franchises LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10579

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:** List Creditors Who Have Claims Secured by Property

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* <br> **Amount of Claim** <br> Do not deduct the value of collateral. | *Column B* <br> **Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** | | | |

Antares Holding LP
320 South Canal Street, 43rd Floor
Chicago, IL  60606

**Date debt was incurred?**
05/27/2020

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
Secured by senior security interest in and liens on substantially all of the assets, constituting substantially all of the Debtors' assets.

**Describe the lien**

**Is the creditor an insider or related party?**
☐ No
☑ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☑ Unliquidated
☐ Disputed

Column A: $67,526,793.54

Column B: Undetermined

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$67,526,793.54

## Part 2:    List Others to Be Notified for a Debt That You Already Listed

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

**Fill in this information to identify the case:**

Debtor name: BLH Restaurant Franchises LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10579

☐ **Check if this is an amended filing**

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|

2.1

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

_____

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (__)

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

Total claim: _____    Priority amount: $0.00

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | Amount of claim |
|---|---|---|

3.1

_____

**Date or dates debt was incurred**

_____

_____

**As of the petition filing date, the claim is:**      $0.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

| Part 3: | List Others to Be Notified About Unsecured Claims |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 <br><br> _____ | Line _____ <br><br> ☐ Not listed. Explain <br> _____ <br> _____ | _____ |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $0.00 |
| 5c. **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

Debtor name: BLH Restaurant Franchises LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10579

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest: Franchise Agreement<br>State the term remaining: 1041<br>List the contract number of any government contract | 230 Katy, LLC<br>Attn: Shaheed Momin<br>9535 Katy Fwy<br>Houston, TX 77024 |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest: Franchise Agreement<br>State the term remaining: 620<br>List the contract number of any government contract | 230 SLTC, LLC<br>6161 Savoy Dr, Ste 821<br>Houston, TX 77036 |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest: Franchise Agreement<br>State the term remaining: 3010<br>List the contract number of any government contract | Bar Louie Allen, Inc.<br>Attn: Nadeem Siddique<br>16 Menden Lane<br>Little Rock, AR 72223 |

| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | BL ROYAL OAK LLC |
|---|---|---|---|
| | | | Attn: Anthony Marougi |
| | **State the term remaining** | 1153 | 510/516 South Main Street |
| | | | Royal Oak, MI 48067 |
| | **List the contract number of any government contract** | | |

| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | BL University Village, SLLC |
|---|---|---|---|
| | | | 1325 South Halsted |
| | **State the term remaining** | 56 | Chicago, IL 60607 |
| | **List the contract number of any government contract** | | |

| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | Brookfield Bar Inc. |
|---|---|---|---|
| | | | c/o Suresh Patel |
| | **State the term remaining** | 1215 | 1180 Heather Dr. |
| | | | Lake Zurich, IL 60047 |
| | **List the contract number of any government contract** | | |

| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | Chicagoland Bar Inc. |
|---|---|---|---|
| | | | Attn: Suresh Patel |
| | **State the term remaining** | 3175 | 1180 Heather Dr. |
| | | | Lake Zurich, IL 60047 |
| | **List the contract number of any government contract** | | |

| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | Cumberland and Kennedy Hospitality, Inc. |
|---|---|---|---|
| | | | 5615 N. Cumberland Avenue |
| | **State the term remaining** | Current | Chicago, IL 60631 |
| | **List the contract number of any government contract** | | |

| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | Eville Louie, LLC |
|---|---|---|---|
| | | | 7700 Eagle Crest Blvd. |
| | **State the term remaining** | 1413 | Evansville, IN 47715 |
| | **List the contract number of any government contract** | | |

| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | J&S Hospitality, Inc.<br>5306 Pratt Ave<br>Skokie, IL 60077 |
| | **State the term remaining** | Current | |
| | **List the contract number of any government contract** | | |

| 2.11 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | Knapick Ventures LLC<br>Attn: Mike Knapick<br>6085 Rothbury<br>Portaro, MI 49024 |
| | **State the term remaining** | 1312 | |
| | **List the contract number of any government contract** | | |

| 2.12 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | Lakhani Hospitality, Inc.<br>Attn: Mansorali Lakhani<br>5306 Pratt Ave<br>Skokie, IL 60077 |
| | **State the term remaining** | Current | |
| | **List the contract number of any government contract** | | |

| 2.13 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | Louie Carmel LLC<br>c/o Louie Enterprises LLC<br>6085 Rothbury<br>Portage, MI 49029 |
| | **State the term remaining** | 77 | |
| | **List the contract number of any government contract** | | |

| 2.14 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | Modern Foodservice LLC<br>Attn: Bharat R Patel<br>7000 Padre Boulevard<br>South Padre Island, TX 78597 |
| | **State the term remaining** | 1348 | |
| | **List the contract number of any government contract** | | |

| 2.15 | **State what the contract or lease is for and the nature of the debtor's interest** | Franchise Agreement | Paradies-DFW 2015 (F&B), LLC<br>Attn: Gregg S. Pardies<br>2849 Paces Ferry Road<br>Overlook I, Suite 400<br>Atlanta, GA 30339 |
| | **State the term remaining** | 1264 | |
| | **List the contract number of any government contract** | | |

2.16 **State what the contract or lease is for and the nature of the debtor's interest**

Franchise Agreement

Paradies-DFW 2015 (F&B), LLC
Attn: Gregg S. Pardies
2849 Paces Ferry Road
Overlook I, Suite 400
Atlanta, GA 30339

**State the term remaining**

1264

**List the contract number of any government contract**


2.17 **State what the contract or lease is for and the nature of the debtor's interest**

Franchise Agreement

Paradies-DFW 2015 (F&B), LLC
Attn: Gregg S. Pardies
2849 Paces Ferry Road
Overlook I, Suite 400
Atlanta, GA 30339

**State the term remaining**

1264

**List the contract number of any government contract**

**Fill in this information to identify the case:**

Debtor name: BLH Restaurant Franchises LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10579

☐ **Check if this is an amended filing**

## Official Form 206H
## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 BLH Holdco LLC | 15305 Dallas Pkwy - 12th Fl Addison, TX 75001 | Antares Midco Inc | ☑ D ☐ E/F ☐ G |
| 2.2 BLH Acquisition Co., LLC | 15305 Dallas Pkwy - 12th Fl Addison, TX 75001 | Antares Midco Inc | ☑ D ☐ E/F ☐ G |

**Fill in this information to identify the case:**

Debtor name: BLH Restaurant Franchises LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10579

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets−Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a _____ declaration

I declare under penalty of perjury that the foregoing is true and correct.

| 04/23/2025 | /s/ Leslie Crook |
|---|---|
| Executed on | Signature of individual signing on behalf of debtor |
| | Leslie Crook |
| | Printed name |
| | Chief Administrative Officer |
| | Position or relationship to debtor |